**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BETTY P. SINCLAIR,
              Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
              Agency.

DOCKET NUMBER
AT-0752-12-0278-X-1

DATE: June 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Betty P. Sinclair, Macon, Georgia, pro se.

Jonathan Lee Simpson, Robins Air Force Base, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      On August 29, 2013, the administrative judge issued a compliance initial decision finding the agency in partial noncompliance with her May 2012 initial decision that became the Board's final decision on June 27, 2012, and the matter

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

was referred to the Board for further consideration.[2] MSPB Docket No. AT-0752-12-0278-X-1, Compliance Referral File (CRF), Tab 1. For the reasons explained below, we now find the agency in compliance and DISMISS the petition for enforcement.

¶2 In the initial appeal underlying the compliance matters, the Board had reversed the agency's action removing the appellant from her position of Sheet Metal Mechanic (WG-10), at Robins Air Force Base, Georgia, and retroactively restored her effective January 6, 2012. MSPB Docket No. AT-0752-12-0278-I-1, Tab 13, Initial Decision at 6. The Board also had ordered the agency to pay the appellant the appropriate amount of back pay, with interest, and to adjust benefits with appropriate credits and deductions. *Id.*

¶3 The administrative judge's second compliance initial decision (CID)[3] found that the agency did not meet its burden regarding the Board's back pay order, and therefore ordered the agency to do the following: (1) state whether the cost of health benefits for the period from January 6-14, 2012, was withheld from any back pay award to the appellant; (2) state if the appellant was paid during the notice of removal period; and (3) if payment for health benefits was withheld from any back pay award during the relevant time period, to provide proof to the Board. MSPB Docket No. AT-0752-12-0278-C-2, Tab 11, CID. The CID also notified the parties that further processing of the case would be conducted in accordance with 5 C.F.R. § 1201.183(c)(1), evidence and argument should be filed with the Board in Washington, D.C., and provided the mail and electronic addresses for such submissions.

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note that the initial adverse action appeal underlying this case was issued before that date. The revisions to 5 C.F.R. § 1201.183. do not affect our consideration of the merits of this compliance proceeding.

[3] This order is the second compliance matter raised by the appellant related to this removal action by the agency. The first was dismissed by the administrative judge after the parties reached a settlement. MSPB Docket No. AT-0752-12-0278-C-1.

¶4        In response,[4] the agency submitted a statement asserting that: (1) the cost of health benefits for the period from January 6-14, 2012, was not withheld from the back pay award because the appellant had opted to terminate coverage and re-enroll within 60 days; (2) the agency did not pay the appellant during the notice of removal period because she was in a leave without pay (LWOP) status from January 1 until her removal on January 6, 2012; and (3) the appellant's debt for health benefits was "not due to any time [periods] regarding the termination . . . or reinstatement but all occurred [there]after." CRF, Tab 3.

¶5        The Board issued another order on March 4, 2015, directing the agency to provide a clear explanation of any debts charged to the appellant for the period from July 30, 2011, to May 18, 2013. CRF, Tab 5. The agency submitted supporting documentation and additional arguments in response. CRF, Tab 6. The agency stated that the appellant's debt for unpaid health premiums was incurred due to periods in which she was in a LWOP and an absent without leave status for enough time to place her below the income threshold for deduction of Federal Employee Health Benefits. *Id*. at 4-5. The agency asserted that, because it was unable to deduct health care premiums for these periods, a debt resulted. *Id.* at 5-6. The agency explained that there were two periods in which this occurred: between July 30, 2011, and January 6, 2012 (the date of the appellant's removal); and between May 23, 2012 (the date of the appellant's return to duty), and May 18, 2013. *Id.* The agency further stated that the appellant had elected to terminate her health benefits during the period between her removal and return to duty. *Id.* The agency, moreover, submitted documentation of the pay periods in which this debt was incurred. *Id*. at 30-32.

¶6        The appellant responded on April 4, 2015, requesting that the Board issue a cease and desist order preventing the agency from collecting any debts from July

---

[4] The agency's response was due in November 2013 but was filed in July 2015, over 7 months late. CRF, Tab 3.

2011 to the present.  CRF, Tab 7 at 4.  The appellant alleged that the debt caused her a financial hardship and that the agency was assessing the debt in a retaliatory manner.  *Id.* at 5-6.

¶7      After thoroughly reviewing the record, we find that the agency has complied with the Board's orders by its having explained the amounts of back pay and debts assessed against the appellant.  We deny the appellant's request that the Board issue a cease and desist order and find that her claim, that the agency's actions were retaliatory, lacks merit.  In light of the agency's evidence, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants", which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.